Filed 11/5/13  In re Prince T. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re PRINCE T. et al., Persons Coming Under the Juvenile Court Law. | B247459 (Los Angeles County Super. Ct. No. CK68029) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ANDREA P.,<br><br>　　　Defendant and Appellant. | |

　　　APPEAL from findings and an order of the Superior Court of Los Angeles County. Timothy R. Saito, Judge. Reversed.

　　　Marsha F. Levine, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　John F. Krattli, County Counsel, and William D. Thetford, Deputy County Counsel, for Plaintiff and Respondent.

_____

Andrea P. (mother) and Wilson T. (father) are the parents of Prince T. (Prince, born Feb. 2007), Savannah T. (Savannah, born July 2008), and Grant T. (Grant, born Aug. 2010). The juvenile court sustained allegations under Welfare and Institutions Code section 300, subdivision (j),[1] against both parents and removed the children from parental custody. Mother appeals, arguing that the juvenile court's jurisdictional finding is not supported by substantial evidence. The Department of Children and Family Services (DCFS) concedes that there was insufficient evidence to support the jurisdictional finding by the juvenile court.

We agree with the parties that the juvenile court's jurisdictional finding is not supported by substantial evidence. Accordingly, we reverse the jurisdictional finding and the resulting dispositional findings and order.

## FACTUAL AND PROCEDURAL BACKGROUND

*Companion Case*

Mother and father were involved in a companion case with respect to the children's half-siblings, Jasmine T. (Jasmine) and D.T. (D.), father's children by a different mother. In that case, a petition was filed in 2012 based on allegations that in 2007 mother had physically abused Jasmine by striking and biting her face, causing a laceration and bruises, and that father failed to take action to protect her. That petition was sustained in part and dismissed in part.

On May 11, 2012, DCFS filed another dependency petition in the companion case that alleged, among other things, that mother had physically abused Jasmine by striking her nose with her fists, inflicting a bleeding laceration to the child's nose, and that mother physically abused Jasmine on prior occasions by striking her and inflicting welts, bruises, and marks to her body. The petition further alleged that father knew of mother's physical abuse of Jasmine and failed to protect her. On July 31, 2012, the juvenile court sustained

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

the physical abuse allegations, released Jasmine and D. to their mother, and ordered that father's visits with Jasmine and D. be monitored.

*Prior Petition on Behalf of Prince, Savannah, and Grant*

In March 2012, DCFS filed a section 300 petition on behalf of Prince, Savannah, and Grant. The petition alleged domestic violence between mother and father and that father suffered mental and emotional problems, including a diagnosis of paranoid schizophrenia. That petition was dismissed on July 31, 2012.

*Instant Case*

On August 6, 2012, DCFS filed the instant section 300 petition on behalf of Prince, Savannah, and Grant. The petition contained allegations pursuant to subdivisions (b)[2] and (j).[3] The juvenile court found a prima facie case for detaining the children and set the matter for a pretrial resolution conference and an adjudication hearing.

Mother and father denied the allegations in the petition. Regarding the allegation that mother had physically abused Jasmine, mother and father explained that they had received services from DCFS, were compliant, and that the matter had been resolved. DCFS confirmed the parents' representations. Furthermore, as a result of mother's negative drug test on September 21, 2012, DCFS was satisfied that mother was not a current abuser of marijuana.

---

[2]     Count b-1 alleged, in relevant part, that mother "has a 5 year history of illicit drug abuse and is a current abuser of marijuana which renders the mother incapable of providing the children with regular care and supervision." Count b-2 alleged mother's prior physical abuse of Jasmine.

[3]     Count j-1 alleged: "On prior occasions, . . . mother . . . physically abused . . . Jasmine . . . by striking [her] nose with the mother's fists, inflicting a bleeding laceration to [Jasmine's] nose. On prior occasions, the mother struck . . . Jasmine, inflicting welts, bruises and marks to [Jasmine's] body. Such physical abuse was excessive and caused [Jasmine] unreasonable pain and suffering. The father . . . knew of the physical abuse of [Jasmine] by the mother and failed to protect the child. The physical abuse of the sibling on the part of the mother and the father's failure to protect the sibling endangers the children's physical health and safety, placing the children Prince, Savannah and Grant at risk of physical harm, damage and danger."

3

Other unrelated allegations of abuse and neglect were investigated and determined to be unfounded.

After a few hearings, on January 23, 2013, the juvenile court sustained count j-1 of the petition and dismissed the remaining counts. A contested disposition hearing was set for February 11, 2013. At that hearing, the social worker reported that DCFS had assessed the parents and recommended that they receive unmonitored visits because "DCFS has no current evidence that mother and father present a threat or danger to their children and because each parent is equally vested in spending quality time with their children."

The juvenile court declared the children dependents of the court and found that there was a substantial danger to the children if they were returned home. Both parents were provided reunification services; mother was granted monitored visitation; father was allowed unmonitored visitation.

*Appeal*

Mother's timely appeal ensued.

**DISCUSSION**

I. *Standard of Review*

"When the sufficiency of the evidence to support a finding or order is challenged on appeal, the reviewing court must determine if there is any substantial evidence, that is, evidence which is reasonable, credible, and of solid value to support the conclusion of the trier of fact." (*In re Ricardo L.* (2003) 109 Cal.App.4th 552, 564.)

II. *Analysis*

Section 300, subdivision (j), provides, in relevant part: "Any child who comes within any of the following descriptions is within the jurisdiction of the juvenile court which may adjudge that person to be a dependent child of the court: [¶] . . . [¶] (j) The child's sibling has been abused or neglected, as defined in subdivision (a), (b), (d), (e), or (i), and there is a substantial risk that the child will be abused or neglected, as defined in those subdivisions. The court shall consider the circumstances surrounding the abuse or neglect of the sibling, the age and gender of each child, the nature of the abuse or neglect

4

of the sibling, the mental condition of the parent or guardian, and any other factors the court considers probative in determining whether there is a substantial risk to the child."

"[S]ubdivision (j) has two prongs:  (1) that '[t]he child's sibling has been abused or neglected, as defined in subdivision (a), (b), (d), (e), or (i)'; and (2) 'there is a substantial risk that the child will be abused or neglected, as defined in those subdivisions.'  [Citation.]" (*In re Ricardo L.*, *supra*, 109 Cal.App.4th at p. 566.)

Here, as DCFS concedes, there is no evidence that Prince, Savannah, and Grant are currently at risk of being abused.  The only evidence before the juvenile court was that mother had physically abused Jasmine in 2012.  But, DCFS acknowledged mother and father had addressed all allegations raised in the petition in the companion case, by complying with all services and resolving the issues that led to DCFS involvement.  Thus, there is no evidence that these three children are at risk of being abused.  (*In re Ricardo L.*, *supra*, 109 Cal.App.4th at p. 566; *In re David M.* (2005) 134 Cal.App.4th 822, 832.)  The juvenile court's jurisdictional finding must be reversed.

It follows that the juvenile court's removal order must be reversed as well.  There is no evidence that the children were at risk of harm.  (See, e.g., *In re Noe F.* (2013) 213 Cal.App.4th 358, 367.)

**DISPOSITION**

The juvenile court's findings and order are reversed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
               ASHMANN-GERST

We concur:


_____, P. J.
      BOREN


_____, J.
      CHAVEZ

5